

# THE ATTORNEY GENERAL

## OF TEXAS

Grover Sellers
XXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable T. M. Trimble
First Assistant State Superintendent
Department of Education
Austin 11, Texas

Dear Sir:

Opinion No. 0-6941
Re: Whether Independent School
District created after
January 1, 1945, can make
assessments for taxes for
that year.

Your request for opinion on the captioned subject
enclosed a letter from J. W. Kinnear, Tax Assessor and Col-
lector of the South Park Independent School District, which
reads as follows:

"The question has been discussed in this area
regarding the assessment date of property for
taxes. Under the general law, January 1st is the
date on which assessments must be based. A num-
ber of the Independent School Districts are being
created after January 1st and are making assess-
ments for the year 1945. The advice I would like
to have is - can the assessments be made any other
date than January 1st, which is fixed by the stat-
utes."

The question of the power of a school district cre-
ated after January 1 to levy taxes for that year was first
considered by the courts in Cadena v. State, 185 S.W. 367,
writ refused. In that case the tax for the year 1915 was
sought to be enjoined on the ground that the Benavides Inde-
pendent School District was not in existence on January 1,
1915. It had been created by Local and Special Acts, 34th
Legislature, Chapter 54, which was approved by the Governor
on March 22, 1915, and became effective on June 19. The levy
was made by the board in September, 1915. In holding the levy
valid, the court said:

"It was evidently intended by the Legisla-
ture that the people of the district should ob-
tain the benefits of its creation immediately;
for it is recited in the law that the deplorable
condition of the public free schools in the ter-
ritory therein described, not being adequate
school accommodations, and not having necessary
funds to provide the same, created an emergency
and an imperative public necessity for the act
to take effect at once. It was clearly intended
that the necessary funds for the building and

maintenance of schoolhouses should be provided
as soon as the law went into effect. It could
not have been contemplated that, instead of the
law becoming effective immediately or in 90 days
after adjournment at the farthest, it should not
go into effect until the following year, and yet
that would be the logical result if the judgment
of the lower court should be sustained. ... "

This decision was followed by the Commission of Appeals in Blewitt v. Megargel County Line Independent School District, 285 S.W. 271 (opinion adopted by the Supreme Court). This case concerned the taxability by a district of property located in territory annexed to the district during the year. In holding such property taxable by the district the Commission, Judge Harvey writing, said:

"The decision in the case of Cadena v. State'
(Tex. Civ. App.) 185 S.W. 367, is authority for
the proposition that, when an independent school
district is created after the 1st of January of
a given year, all property within such newly ore-
ated district, which was owned by the taxpayer on
January 1st of that year, 'is subject to any tax
authorized by law, whether such taxes have been
authorized theretofore or may be authorized dur-
ing the year, and can be levied by the body given
the power to levy at any time during the year.'
The Supreme Court denied a writ of error.

"We consider the proposition sound. A fair
consideration of the statutes making provision for
the creation of independent school districts leaves
no reasonable ground to conclude that the Legisla-
ture intended that no liability for taxes for
school purposes in a school district should arise
until the year following the creation of the dis-
trict; nor did the Legislature intend that the
rules of law governing taxation for school pur-
poses, of property in newly annexed territory,
should be different from those which govern the
taxation of property in a newly created district.
...

"....

"A consideration of the ... statutory pro-
visions ... leads to the conclusion that all tax-
able property situated on January 1st, of any
given year, in a territory which is subsequent-
ly, during such year, annexed to an independent
school district ... becomes, by such annexation,
subject to the taxing power appertaining to such
district, and chargeable with such taxes for that
year as are levied under proper authority."

Hon. T. M. Trimble, page 3

See also Yorktown Independent School District v. Afflerbach (Com. App.), 12 S.W. (2d) 130.

Therefore, it is the opinion of this department that an independent school district which has been created in the manner provided for in the general laws of the State after January 1, 1945, can make a valid assessment and levy for the year 1945.

The courts have held uniformly that the laws stating the time for the assessment and levy of taxes are merely directory. Cadena v. State, supra; Pyote Independent School District v. Dyer, 34 S.W. (2d) 578. Under Article 2791, Revised Statutes, 1925 (amended Acts 1945, 49th Legislature, page 232, Chapter 176) where the independent school district has its own assessor and collector (as is the case in the district you refer to), the dates for assessment and levy are set by order of the board of trustees, and may be at any time during the year. In the case of Blewett v. Richardson Independent School District, 240 S.W. 529, the assessment was made in September and October of 1919, and the roll for 1919 taxes was made out in December after the changes in value made by the board of equalization and approved by that board on December 31, but it was not verified by the district assessor and collector until January 24, 1920. The court held that the fundamental requirements of a valid assessment were substantially complied with. The district is bound to use the county's date for assessment, i.e., January 1, only where the county assessor and collector performs these functions for the district.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Arthur L. Moller
Arthur L. Moller
Assistant

ALM:db:jrb

APPROVED NOV. 27, 1945
/s/ Carlos C. Ashley
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED OPINION COMMITTEE
BY BWB, Chairman